James V. Marks (JM 6257)
Roseann Bassler Dal Pra (RBD 4919)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
212-513-3200

Attorneys for Defendant
Rockland County Sewer District #1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOROUGH OF UPPER SADDLE RIVER,

                Plaintiff,

v.

VILLAGE OF AIRMONT, ROCKLAND,
COUNTY SEWER DISTRICT #1,

                Defendants.

07 Civ. 0109 (____) (MDF)

---

## ANSWER TO COMPLAINT OF DEFENDANT
## ROCKLAND COUNTY SEWER DISTRICT #1

Defendant Rockland County Sewer District #1 (the "District"), by and through its attorneys Holland & Knight, LLP, as and for its Answer and Defenses to the Complaint, states as follows and, unless specifically answered otherwise, denies each and every allegation of the Complaint:

    1.    The allegations in paragraph 1 of the Complaint consist solely of a description of the case to which no response is required. To the extent a response is required, the District denies the allegations in paragraph 1.

2. The allegations in paragraph 2 of the Complaint consist solely of a description of the relief sought by Plaintiff to which no response is required. To the extent a response is required, the District denies the allegations in paragraph 2.

3. The allegations in paragraph 3 of the Complaint consist largely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 3 as they relate to it.

4. Admits that the District received notice of a potential citizen suit, but, except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph, and therefore denies same.

5. Admits that 60 days have passed since October 6, 2006, but, except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph, and therefore denies same.

6. Admits that, to its knowledge, EPA and DEC have not commenced any court action, but, except as so specifically admitted, denies each and every allegation contained in paragraph 6 of the Complaint.

7. The allegations in paragraph 7 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies same.

9. The allegations in paragraph 9 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies same. To the extent that some of the allegations present conclusions of law, no response is required. To the extent a response is required to these allegations, the District denies them.

11. Admits that it is a county improvement district organized and existing pursuant to Article 5-A of the New York County Law, and that it is responsible for properly operating and maintaining some interceptors and pumping stations in the system and some sewers within its boundaries, but, except as so specifically admitted, denies each and every allegation contained in paragraph 11 of the Complaint. The allegation that the District is a "person" within the meaning of Section 502(5) of the Clean Water Act, 33 U.S.C. § 1362(5) is a conclusion of law to which no response is required. To the extent a response is required, the District denies this allegation.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies same. However, to the extent that the allegations of fact characterize Plaintiff's actions, theories of injury, and present conclusions of law, no response is required.

13. The allegations in paragraph 13 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 13 as they relate to the District.

14. The allegations in paragraph 14 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 14.

15. The allegations in paragraph 15 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 15.

16. The allegations in paragraph 16 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 16.

17. The allegations in paragraph 17 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 17.

18. The allegations in paragraph 18 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 18.

19. The allegations in paragraph 19 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 19.

20. The allegations in paragraph 20 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 20.

## FIRST CLAIM FOR RELIEF:  VIOLATIONS OF THE CLEAN WATER ACT BY SPECIFIC ILLEGAL DISCHARGES TO WATERS OF THE UNITED STATES

21. The allegations in paragraph 21 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 21 as they relate to the District.

22. Admits that New York Department of Environmental Conservation administers the State Pollution Discharge Elimination System ("SPDES") permit program, and has issued a SPDES permit to the District under the authority of Section 402 of the CWA, 33 U.S.C. § 1342, but, except as so specifically admitted, denies each and every allegations contained in paragraph 22 of the Complaint.

23. The allegations in paragraph 23 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 23 as they relate to the District.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and, therefore, denies same.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and, therefore, denies same.

26. Admits that there was a sewer discharge on August 27-28, 2006, at the Cherry Lane location due to vandalism, a sewer discharge on November 6, 2006, at the Twin Lakes Pump Station on Twin Lakes Road, and a sewer discharge on November 8, 2006, at the interceptor at 4 South Monsey Road—but, except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same. However, to the extent that the allegations of fact

characterize Plaintiff's actions, theories of injury, and present conclusions of law, no response is required.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same. However, to the extent that the allegations of fact characterize Plaintiff's actions, theories of injury, and present conclusions of law, no response is required.

28. The District is aware of one incident at the Cherry Lane location that resulted from vandalism. The District denies that pollutants are continuing to discharge from manholes at or adjacent to Cherry Lane and South Monsey Road. The District lacks knowledge of or information sufficient to from a belief as to the discharges for other areas within the Village of Airmont. The District admits that there have been very sporadic discharges in the past from manholes in other areas within the District but denies that all such discharges have been into navigable waters.

29. No unpermitted discharges were alleged in Paragraph 22, so the District denies same. No unpermitted discharges were alleged in Paragraph 23 —and that Paragraph has no subsections (a)-(k)—so the District denies same.

30. The allegations in paragraph 30 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 30 as they relate to the District.

31. The allegations in paragraph 31 of the Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations of paragraph 31.

## CONTINUING VIOLATIONS

32.  The District denies that all of its past reported spills are continuing or are reasonably likely to continue.

## RELIEF REQUESTED

Paragraphs A-E characterize Plaintiff's prayer for relief, to which no response is required.

## AS AND FOR A FIRST DEFENSE

The Court lacks subject-matter jurisdiction over Plaintiff's claims.

## AS AND FOR A SECOND DEFENSE

Plaintiff's Complaint does not provide sufficient evidence that Plaintiff has standing and capacity to sue.

## AS AND FOR A THIRD DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

## ADDITIONAL DEFENSES

The District respectfully requests leave to assert additional defenses which it deems necessary to its defense of the Complaint during or upon conclusion of its investigation and discovery of Plaintiff's claims.

WHEREFORE, the District demands judgment dismissing the Complaint with prejudice and with costs and such other and further relief as is deemed just and proper.

DATED:   New York, NY
         February 5, 2007

>Respectfully submitted,

>HOLLAND & KNIGHT LLP

>BY: _____
>James V. Marks (JM 6257)
>Roseann Bassler Dal Pra (RBD 4919)
>195 Broadway, 24th Floor
>New York, NY 10007
>212-513-3200

>Lawrence R. Liebesman (D.C. Bar # 193086)
>Steven Kelton (Colo. Bar # 37186)
>2099 Pennsylvania Avenue, N.W.
>Suite 100
>Washington, DC 20006
>(202) 955-3000 D.C.

>Attorneys for Defendant
>Rockland County Sewer District #1

# 4329476_v3