UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BOROUGH OF UPPER SADDLE RIVER,
KAREN MILLER, ROY OSTROM, MARIA FLORIO,
MARK RUFFOLO AND LINDA MCDONALD,

07-CV-0109 (CLB)(MDF)

                Plaintiffs,

**NOTICE OF MOTION**

    v.

VILLAGE OF AIRMONT, ROCKLAND COUNTY
SEWER DISTRICT # 1,

                Defendants.
-----------------------------------------------------------------X

       Defendant, VILLAGE OF AIRMONT, through its attorneys, HODGES WALSH

& SLATER, LLP, hereby gives notice of its motion to dismiss, pursuant to Fed. R. Civ.

P. 12(b)(6) and 56(b), to be submitted to the Honorable Mark D. Fox on April 17, 2007 at

the federal Courthouse located at 300 Quarropas Street, White Plains, New York 10601

on April 17, 2007.

       Pursuant to Judge Fox's briefing order, opposition is due May 1, 2007 and

Defendant's Reply is due May 8, 2007, with Oral Argument to be held on May 15, 2007.

Dated: White Plains, New York
       April 17, 2007

                Yours, etc.,

                HODGES WALSH & SLATER, LLP

                By: _____
                Paul E. Svensson
                Attorneys for Defendant
                VILLAGE OF AIRMONT
                75 South Broadway
                White Plains, New York 10601
                (914) 304-4333

Service List:

Michael K. Burke
BURKE MIELE & GOLDEN, LLP
101 Washington Street
P.O. Box 397
Suffern, New York 10901
(845) 357-7500

James V. Marks
HOLLAND & KNIGHT, LLP
195 Broadway, 24th Floor
New York, NY 10007-3189
(212) 513-3200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BOROUGH OF UPPER SADDLE RIVER,                    07-CV-0109 (CLB)(MDF)
KAREN MILLER, ROY OSTROM, MARIA FLORIO,
MARK RUFFOLO AND LINDA MCDONALD,

            Plaintiffs,                              **AFFIRMATION**

   v.

VILLAGE OF AIRMONT, ROCKLAND COUNTY
SEWER DISTRICT # 1,

            Defendants.
-------------------------------------------------------------------X

      Paul E. Svensson, an attorney duly admitted to practice in the United States

District Court for the Southern District of New York, hereby affirms the following:

      1.     I am a member of HODGES WALSH & SLATER, LLP, attorneys for the

Defendant, VILLAGE OF AIRMONT.

      2.     A substitution of attorney form is annexed hereto as EXHIBIT A,

authorizing HODGES WALSH & SLATER, LLP to assume defense of this matter from

BOEGGEMAN GEORGE HODGES & CORDE, P.C., and the Court is respectfully

requested to so order this substitution.

      3.     This Affirmation, the Affidavit of JOHN C. LAYNE, Mayor of the

VILLAGE OF AIRMONT, New York, accompanying Exhibits, Statement of Facts and

Memorandum of Law are submitted in support of the instant motion for an Order

granting Defendant VILLAGE OF AIRMONT summary judgment and dismissing

plaintiffs' Amended Complaint as asserted against the VILLAGE OF AIRMONT.

4.      The Court is respectfully referred to the annexed Affidavit of JOHN C. LAYNE, Statement of Facts, Exhibits and Memorandum of Law for argument in this matter.

5.      Based upon these submissions, it is respectfully submitted that plaintiffs cannot demonstrate a triable issue of fact whether the facilities complained of, and the discharge alleged, are within the control of the VILLAGE OF AIRMONT.

6.      As such, it is respectfully requested that the complaint as asserted against the VILLAGE OF AIRMONT be dismissed in its entirety.

Dated: White Plains, New York
        April 17, 2007

Respectfully submitted,

_Paul E. Svensson_
Paul E. Svensson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

BOROUGH OF UPPER SADDLE RIVER
           Plaintiff,

    - against -

VILLAGE OF AIRMONT, ROCKLAND COUNTY
SEWER DISTRICT #1,

           Defendants.
-------------------------------------------------------------x

**CONSENT TO
CHANGE ATTORNEY**

07 Civ. 0109 (WP4)(MDF)

**IT IS HEREBY CONSENTED THAT**  HODGES WALSH & SLATER, LLP 75

South Broadway, White Plains, New York 10601, be substituted as attorneys of record for the

undersigned party(ies) in the above entitled action in the place of the undersigned attorneys as of

the date hereof.

Dated: White Plains, New York
    April 9, 2007

                  _____
                  Joel Grossbarth
                  Village Attorney, Village of Airmont

                  BOEGGEMAN GEORGE
                  HODGES & CORDE

                  By: _____

ACKNOWLEDGMENT INSIDE NEW YORK

STATE OF NEW YORK
COUNTY OF Orange    SS:

On the __9th__ of April in the year 2007 before me,
the undersigned, personally appeared __Joel
Grossbarth, Esq.__, personally known to me or
proved to me on the basis of satisfactory evidence to
be the individual whose name is subscribed to the
within instrument and acknowledged to me that he
executed the same in his capacity, and that by his
signature on the instrument, the individual, or the
person upon behalf of which the individual acted,
executed the instrument.

_____  _____

"A"

20/20   PAGE
200 @
HODGES WALSH SLATER
TOGNINO+GROSSBARTH
9143844335   11:14   2002/01/40
04/10/2007 12:30 FAX 8454292576

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BOROUGH OF UPPER SADDLE RIVER,                 07-CV-0109 (CLB)(MDF)
KAREN MILLER, ROY OSTROM, MARIA FLORIO,
MARK RUFFOLO AND LINDA MCDONALD,

                    Plaintiffs,

                                                           **STATEMENT OF FACTS**

        v.

VILLAGE OF AIRMONT, ROCKLAND COUNTY
SEWER DISTRICT # 1,

                    Defendants.
----------------------------------------------------------------X

        Defendant, VILLAGE OF AIRMONT, by its attorneys HODGES WALSH &

SLATER, LLP, hereby submits the following Statement of Material Facts.

        1.      ROCKLAND COUNTY SEWER DISTRICT #1 is a Rockland County

agency. (See Plaintiffs' Amended Complaint, par. 16).

        2.      Defendant, ROCKLAND COUNTY SEWER DISTRICT #1 is responsible

for operating and maintaining the wastewater collection and treatment system, which is

the subject of their Amended Complaint. (See Plaintiffs' Amended Complaint, par. 16).

        3.      The alleged discharge arises from the ROCKLAND COUNTY SEWER

DISTRICT # 1 system of collection, treatment and discharge piping. (See Plaintiffs'

Amended Complaint, par. 22-3).

        4.      The VILLAGE OF AIRMONT has no authority, or responsibility, to

approve sewer connections nor does it not own, operate, manage, direct or otherwise

supervise ROCKLAND COUNTY SEWER DISTRICT # 1. (See Affidavit of John C.

Layne, annexed hereto as EXHIBIT B).

5.    The VILLAGE OF AIRMONT neither owns nor operates a wastewater collection and treatment system or any system that discharges polluted materials as described by plaintiffs into the waters of the Saddle River.  (See Layne Affidavit).

Dated: White Plains, New York
      April 17, 2007

                              Respectfully submitted,

                              _____
                              Paul E. Svensson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

BOROUGH OF UPPER SADDLE RIVER,                     07-CV-0109 (CLB)(MDF)
KAREN MILLER, ROY OSTROM, MARIA FLORIO,
MARK RUFFOLO AND LINDA MCDONALD,

                          Plaintiffs,                    **MEMORANDUM**
                                                         **OF LAW**

        v.

VILLAGE OF AIRMONT, ROCKLAND COUNTY
SEWER DISTRICT # 1,

                          Defendants.

---------------------------------------------------------------X

### Preliminary Statement

It is respectfully submitted that the claims against the VILLAGE OF AIRMONT

must be dismissed as a matter of law because it did not have any ownership, control or

supervisory interest in the ROCKLAND COUNTY SEWER DISTRICT #1, which

plaintiffs have described as the sole source of improper discharge.

### Standard for Review

A court may grant summary judgment where there is no genuine issue of material

fact and the moving party is entitled to judgment as a matter of law. Hayes v. New York

City Department of Corrections, 84 F.3d 614, 619 (2d Cir. 1997).

The party moving for summary judgment bears the burden of demonstrating that

there is "no genuine issue of material fact" and that there is sufficient evidence to support

the non-moving party's case. The burden then shifts to the non-moving party to produce

sufficient evidence to establish that there exists a genuine issue of material fact. Celotex

v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986).

The non-moving party must make a showing sufficient to establish the existence

of the elements essential to his case and on which he will bear the burden of proof at trial.

Id.

### Argument

### THE VILLAGE OF AIRMONT IS NOT LIABLE FOR
### AN ALLEGED DISCHARGE FROM A FACILITY
### IT DID NOT OWN, CONTROL OR OPERATE

Plaintiffs cannot demonstrate that the VILLAGE OF AIRMONT had ownership,

operational authority or control over the wastewater collection and treatment system

described in their Complaint and, as such, cannot fairly state a claim against the

VILLAGE OF AIRMONT for the alleged discharge of pollutants. See generally, Hudson

River Fisherman's Ass'n v. Acuri, 862 F.Supp. 73, 76 (S.D.N.Y. 1994).

Plaintiffs properly allege that Defendant, ROCKLAND COUNTY SEWER

DISTRICT #1 is a Rockland County agency, responsible for operating and maintaining

the wastewater collection and treatment system, which is the subject of their Amended

Complaint.

Plaintiffs also allege that the VILLAGE OF AIRMONT owns, controls or

operates the subject wastewater collection and treatment facility. Plaintiffs lack any

factual basis for this allegation.

First of all, plaintiffs acknowledge that the alleged discharge arises from the

ROCKLAND COUNTY SEWER DISTRICT # 1 system of collection, treatment and

discharge piping. Second, plaintiffs' allege that the ROCKLAND COUNTY SEWER

DISTRICT #1 is a Rockland County agency. Third, this Court is requested to take

judicial notice that Rockland County is a completely distinct municipal entity from the VILLAGE OF AIRMONT.

Moreover, Mayor John C. Layne, averred that the VILLAGE OF AIRMONT has no authority, or responsibility, to approve sewer connections as it does not own, operate, manage, direct or otherwise supervise ROCKLAND COUNTY SEWER DISTRICT # 1.

As such, the VILLAGE OF AIRMONT cannot own, control or operate a county agency and plaintiffs' allegations must be dismissed.

In addition, plaintiffs allege that "[t]he Village's continued approval of sewer connections and failure to ensure compliance aids and abets the Rockland County Sewer District's continued violations of the CWA ...." (See par. 15).

Plaintiffs lack any factual or statutory basis to demonstrate that the VILLAGE OF AIRMONT has a duty to ensure compliance of the ROCKLAND COUNTY SEWER DISTRICT # 1, or its parent ROCKLAND COUNTY, with the Clean Water Act.

Finally, plaintiffs' unsubstantiated suggestion that the VILLAGE OF AIRMONT is involved in some sort of criminal conspiracy is absurd.

The facts and law are clear. The VILLAGE OF AIRMONT lacks control over ROCKLAND COUNTY SEWER DISTRICT # 1. In the absence of control, it is unreasonable to assign liability for alleged improper discharge into navigable waters.

The only connection that the VILLAGE OF AIRMONT has to this matter is geographic. It is undisputed that Saddle River travels through the VILLAGE OF AIRMONT on its way to UPPER SADDLE RIVER. As such, the two municipalities share concerns over the environmental safety of the water and the VILLAGE OF AIRMONT has a right to institute a similar cause of action should it deem appropriate.

Notwithstanding, it would be equally ridiculous as it is here if the VILLAGE OF

AIRMONT were to include UPPER SADDLE RIVER as a defendant in that action.

Conclusion

Whereas the facility complained of by plaintiffs, and the alleged discharge, are

outside the control of the VILLAGE OF AIRMONT and exclusively within the scope of

facilities owned, operated, controlled and managed by the ROCKLAND COUNTY

SEWER DISTRICT # 1, it is respectfully requested that the Complaint against the

VILLAGE OF AIRMONT be dismissed in its entirety.

Dated: White Plains, New York
       April 17, 2007

Respectfully submitted,

_____
Paul E. Svensson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BOROUGH OF UPPER SADDLE RIVER,

Plaintiff,

-against-

VILLAGE OF AIRMONT, ROCKLAND
COUNTY SEWER DISTRICT #1,

Defendants.
-----------------------------------------------------------------X

Docket No.: 7:06-cv-07085-CM

**AFFIDAVIT OF
JOHN C. LAYNE**

JOHN C. LAYNE, Mayor of Village of Airmont, hereby deposes and states:

I am the Mayor of the Village of Airmont, New York, and as such I am fully familiar with the operations and functions of the Village of Airmont and its public facilities.

I have read the Complaint filed by plaintiff and am familiar with the claims asserted therein.

The Village of Airmont neither owns nor operates the wastewater collection and treatment system described in plaintiff's Complaint nor has the Village discharged water pollution into the Saddle River as described therein.

The facility described by plaintiff in its complaint with improperly discharging in violation of its SPDES permit is owned, operated, managed, directed, supervised and controlled by Rockland County Sewer District #1.

The Village of Airmont does not own, operate, manage, direct, or otherwise supervise Rockland County Sewer District #1, which is a separate entity not under the control of the Village of Airmont, its staff or employees.

JOHN C. LAYNE

Sworn to before me this
7 day of February, 2007.

NOTARY PUBLIC

" B "

JOEL A. GROSSBARTH
Notary Public-state Of New York
No. 02GR5027196
Qualified In Rockland County
My Commission Expires May 02, 20 10

EGGEMAN, GEORGE,
GES & CORDE, P.C.
I MARTINE AVENUE
TE PLAINS, N.Y. 10606