UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BOROUGH OF UPPER SADDLE RIVER,　　　　　07-CV-0109 (CLB)(MDF)
KAREN MILLER, ROY OSTROM, MARIA FLORIO,
MARK RUFFOLO AND LINDA MCDONALD,

　　　　　　　　　　Plaintiffs,　　　　　　　　**REPLY**
　　　　　　　　　　　　　　　　　　　　　　　　**AFFIRMATION**
　　v.

VILLAGE OF AIRMONT, ROCKLAND COUNTY
SEWER DISTRICT # 1,

　　　　　　　　　　Defendants.
-------------------------------------------------------------------X

　　　　Paul E. Svensson, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, hereby affirms the following:

　　　　1.　　I am a member of HODGES WALSH & SLATER, LLP, attorneys for the Defendant, VILLAGE OF AIRMONT.

　　　　2.　　I submit this Reply Affirmation in further support of the Village of Airmont's motion to dismiss and in response to Plaintiffs' opposition papers.

　　　　3.　　At the outset, Plaintiffs' claim that the Village of Airmont did not submit a Rule 56 Statement of Facts to the Court is incorrect and their argument on that matter must be ignored. (See Plaintiffs' Memorandum of Law, p. 19).

　　　　4.　　Plaintiffs also argue that they have set forth a genuine issue of material fact to avoid summary judgment. This is simply not the case.

　　　　5.　　Plaintiffs allege that "actions taken by … the Village … is evidenced by discharges of raw sewage into the river." (See Plaintiffs' Memorandum of Law, p. 4).

　　　　6.　　Plaintiffs cannot provide this Court with any factual basis for this allegation.

7. The standard for summary judgment is well-settled. A nonmoving party may defeat the summary judgment motion by producing sufficient evidence to establish a genuine issue of material fact for trial. Celotex v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, "[t]he nonmovant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2nd Cir. 1990).

8. Here, Plaintiffs' speculate that the Village has acted to discharge raw sewage into the Saddle River. This claim is made in the absence of any factual basis. It is undisputed that the Village has no control over the Rockland County Sewer District #1 and does not otherwise operate or own any sewage treatment facility. As such, there is no basis to support Plaintiffs speculation that the Village has control over the discharge of pollutants.

9. Plaintiffs further attempt to draw the Village of Airmont into this litigation by referencing general municipal authority to provide for sanitation services, and approve fees and connections to the Rockland County Sewer District #1. Plaintiffs' allege that the Village has failed to address these allegations.

10. On the contrary, the Village has clearly set forth that it does not have any ownership, operational authority or control over the wastewater collection and treatment system described in Plaintiffs' Complaint and, as such, Plaintiffs cannot state a claim against the VILLAGE OF AIRMONT for the alleged discharge of pollutants. See generally, Hudson River Fisherman's Ass'n v. Acuri, 862 F.Supp. 73, 76 (S.D.N.Y. 1994).

11. Plaintiffs claim that since the Village, like any other municipality, has generally authority to provide for sanitation services, they are necessarily aiding and abetting the alleged violations of the Clean Water Act by the District, the owner and operator of the facility.

12. The "citizen suit" provision of the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. § 1365 (a) allows for suit:

> (1) against any person ... who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or
>
> (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

13. Thus, the FWPCA provides for citizen suits against those in violation of an effluent standard or limitation. It provides no mechanism for a direct suit in federal court against a municipality simply because the municipality may be receiving santitation services from an entity over which it has no control or ownership. Federal Water Pollution Control Act Amendments of 1972 (Clean Water Act), § 101 et seq., 33 U.S.C.A. § 1251 et seq.

14. Plaintiff's reliance on O'Neil v. Q.L.C.R.I., 750 F.Supp. 551 (D.R.I., 1990) is misplaced. There, the Rhode Island District Court held that a theory of aiding and abetting was not prohibited under the Clean Water Act when it came to a private person, not a municipal entity.

15. The Southern District of New York has held that the theory of aiding and abetting cannot to used to draw in the state, or municipal entity, into a Clean Water citizen's suit where that entity is not the direct polluter. Love v. New York Department of Environmental Conservation, et al., 529 F.Supp. 832 (S.D.N.Y. 1981).

16. Here there is no factual basis to the allegations that the Village actually discharges raw sewage in to the Saddle River and Plaintiffs have not alleged that the Village had authority to issue orders to prohibit the Rockland County Sewer District #1 from discharging effulent into the Saddle River.

17. Plaintiffs reliance on U.S. v. Colvin, 246 F.3d 676 (9th Cir. 2000) is equally misplaced. First of all, the opinion is unpublished and may not be relied upon within the Ninth Circuit, let alone its absence of precedent value in the Second Circuit. Second, that matter dealt with the specific intent of a private polluter under 18 USC 2(a), which is not relevant here.

18. Similarly, Plaintiffs reliance on Petro-Tech, Inc. v. Western Co. of North America, 824 F.2d 1349 (3rd Cir. 1987) is misplaced as this matter involved a claim of aiding and abetting under 18 USC § 1961 (RICO).

19. Based upon the foregoing, it is respectfully submitted that this Court must dismiss Plaintiffs' Amended Complaint as against the Village of Airmont because it fails to state a cognizable claim upon which liability can be found.

Dated: May 11, 2007
       White Plains, New York

                                       Respectfully submitted,

                                       Paul E. Svensson (3403)