James V. Marks (JM 6257)
Roseann Bassler Dal Pra (RBD 4919)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
212-513-3200

Attorneys for Defendant
Rockland County Sewer District #1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOROUGH OF UPPER SADDLE RIVER,<br><br>                           Plaintiff,<br><br>              v.<br><br>VILLAGE OF AIRMONT, ROCKLAND,<br>COUNTY SEWER DISTRICT #1,<br><br>                           Defendants. | 07 Civ. 0109 (____) (MDF) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROCKLAND
COUNTY SEWER DISTRICT #1'S MOTION TO DISMISS FOR LACK OF STANDING**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 2

POINT I   USR MUST PROVE ITS OWN STANDING INDEPENDENT OF, AND IN ADDITION TO, THE STANDING OF OTHER PLAINTIFFS. ............. 2

POINT II   DESPITE ITS ASSERTIONS, USR STILL HAS NOT SUFFICIENTLY ALLEGED THE NECESSARY ELEMENTS OF THE *VALLEY FORGE* TEST, AND, THUS, FAILS TO DEMONSTRATE STANDING TO BRING ITS CWA CLAIMS................................................................................. 4

    A.   USR Fails to Show any Personal Injury, and therefore Fails the Standing Test. ... 4

    B.   USR Fails The "Fairly Traceable" Prong Of Standing, As Well, Because It Has No Injuries To Trace And, Even If It Did, Could Not Distinguish The District's Alleged Contamination From That Of Geese, Wildlife, And Storm Run-Off........ 6

POINT III   USR IS NOT AN ASSOCIATION AND WILL NEVER HAVE ASSOCIATIONAL STANDING NECESSARY TO BRING THIS SUIT BEFORE THE COURT. ............................................................................. 7

POINT IV   THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER USR'S STATE LAW CLAIMS IN THE EVENT IT DISMISSES USR'S CWA CLAIM ................................................................................................ 8

CONCLUSION.................................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Borough of Carlstadt v. U.S. Army Corps of Eng'rs*,
  No. 05-2771, 2006 WL. 305314 (D.N.J. Feb. 8, 2006) ...........................................7

*Bowsher v. Synar*,
  478 U.S. 714 (1986) ..........................................................................................2

*City of New Rochelle v. Town of Mamaroneck*,
  111 F. Supp. 2d 353 (S.D.N.Y. 2000) .................................................................2

*City of New York v. Heckler*,
  578 F. Supp. 1109 (S.D.N.Y. 1984) ................................................................3, 4

*City of Reynoldsburg v. Browner*,
  834 F. Supp. 963 (S.D. Ohio, 1993) ...................................................................5

*City of Sausalito v. O'Neill*,
  386 F.3d 486 (9th Cir. 2004) .............................................................................4

*Clinton v. City of New York*,
  524 U.S. 417 (1998) ..........................................................................................2

*Cushing v. Moore*,
  970 F.2d 1103 (2d Cir. 1992) cited in *Nowak*, 81 F.3d at 1187 .........................9

*Friends of the Earth v. U.S. Dep't of the Interior*,
  ___ F. Supp. 2d ___, 2007 WL. 837148 (D.D.C. Mar. 21, 2007) ......................3

*Houlton Citizens' Coalition v. Town of Houlton*,
  175 F.3d 178 (1st Cir. 1989) ..............................................................................2

*Hunt v. Washington State Apple Advertising Comm.*,
  432 U.S. 333 (1977) ..........................................................................................7

*In re Investors Funding Corp. of N.Y. Secs. Litig.*,
  523 F. Supp. 550 (S.D.N.Y. 1980) ....................................................................8

*In re Joint Eastern and Southern Dist. Asbestos Litig.*,
  14 F.3d 726 (2d Cir. 1993) quoted in *Nowak*, 81 F.3d at 1187 .........................9

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ..........................................................................................4

Mancuso v. Consolidated Edison Co. of New York,
 130 F. Supp. 2d 584 (S.D.N.Y. 2001)..................................................................................6

Multistack LLC v. Arctichill Inc.,
 No. 05 Civ. 3865, 2006 WL. 510506 (S.D.N.Y. Mar. 1, 2006) .............................................2

New York v. Niagara Mohawk Power Corp.,
 263 F. Supp. 2d 650 (W.D.N.Y. 2003) ..............................................................................8, 9

Nowak v. Ironworkers Local 6 Pension Fund,
 81 F.3d 1182 (2d Cir. 1996)...............................................................................................9, 10

Public Interest Research Group of New Jersey v. Powell Duffryn Terminals, Inc.,
 913 F.2d 64 (3rd Cir. 1990), cert. denied, ---U.S.---, 111 S.Ct. 1018 (1990).....................5, 6

Secretary of the Interior v. California,
 464 U.S. 312 (1984).............................................................................................................2

Valley Forge Christian College v. Americans United for Separation of Church and State,
 454 U.S. 464 (1982).............................................................................................................4

Warth v. Seldin,
 422 U.S. 490 (1975).........................................................................................................3, 4

## MISCELLANEOUS

N.J. Dep't of Envtl. Prot., *Amendment to the Northeast Water Quality Management Plan*
 46..........................................................................................................................................7

# 4554546_v1

## **PRELIMINARY STATEMENT**

The District[1] respectfully submits this reply memorandum of law in further support of its motion to dismiss for lack of standing and in response to USR's opposition to that motion. In sum, USR's opposition papers fail to establish that it has standing to bring its claims against the District because they rely upon unsupported facts and inapplicable legal theories. Rather than pointing to its ill-pleaded Amended Complaint or elsewhere to demonstrate standing, USR uses unsupported rhetoric and asks this Court to make leap-of-faith inferences. These defects are all the more glaring since the District previously highlighted in a letter to the Court the initial Complaint's deficiencies, and the Court permitted USR to file an Amended Complaint.

Nowhere in the Amended Complaint or in USR's opposition papers does USR explain sufficiently how the District's alleged actions have adversely affected USR's own health, recreational, aesthetic, environmental and economic interests pertaining a Borough-owned park abutting the Saddle River. Instead, USR resorts to conclusory assertions that it has a "readily apparent" interest in the condition of that park, that it is "axiomatic" that it has spent money on the park, and that "clearly" the alleged discharges have caused "particularized" injury. Pl. Opp. Brief 8-9. These bald assertions, however, are not sufficient to establish standing.

For these reasons, USR has not met its burden to establish Article III standing for its federal CWA claims. Because USR has no federal claims, the Court should not exercise supplemental jurisdiction over its state law claims. Accordingly, all of USR's claims against the District should be dismissed.

---

[1] The defined terms used herein have the same meaning as those used in the District's moving brief.

1

# ARGUMENT

## POINT I

### USR MUST PROVE ITS OWN STANDING INDEPENDENT OF, AND IN ADDITION TO, THE STANDING OF OTHER PLAINTIFFS.

In its Amended Complaint and opposition papers, USR attempts to ride the coattails of the individual plaintiffs' standing. However, the law does not automatically grant standing to one plaintiff simply because another plaintiff has standing to bring suit.[2] In support of its position, USR misconstrues the Supreme Court's decision in Clinton v. City of New York, 524 U.S. 417, 431 n.19 (1998) ("Because both the City of New York and the health care appellees have standing, we need not consider whether the appellee unions also have standing to sue. See, e.g., Bowsher v. Synar, 478 U.S. 714, 721 (1986)"). USR quotes that decision out of context in asserting that "courts have refrained from a standing analysis once one plaintiff has established standing." Pl. Opp. Brief 5. The proper interpretation of that case is found by following the statement in Bowsher one level deeper to Secretary of the Interior v. California, 464 U.S. 312, 319 n.3 (1984), where the Court held that standing is granted to those "whose position here is *identical*" to the party who has been granted standing. Id. (emphasis added).[3]

Plainly, USR has not made the identical allegations as those presented by the individual plaintiffs. The individual plaintiffs at least allege "a personal stake in the outcome of the case and a distinct and palpable injury by way of specific, concrete facts." City of New Rochelle v. Town of Mamaroneck, 111 F. Supp. 2d 353, 358 (S.D.N.Y. 2000) (internal quotation omitted).

---

[2] The law is clear that USR must establish standing at the time of the filing of the original complaint and not some later time. As this Court has stated, "Standing is assessed at the time of the original complaint, even if the complaint is later amended, so if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing." Multistack LLC v. Arctichill Inc., No. 05 Civ. 3865, 2006 WL 510506, at *4 n.7 (S.D.N.Y. Mar. 1, 2006) (internal quotations omitted).

[3] See also Houlton Citizens' Coalition v. Town of Houlton, 175 F.3d 178 (1st Cir. 1989) (citing to Clinton and Bowsher, above).

Given that USR has not made the same allegations as the other plaintiffs, it is required to allege "a distinct and palpable injury to [itself], even if it is an injury shared by a large class of other possible litigants." Warth v. Seldin, 422 U.S. 490, 501 (1975). USR, however, does not specifically allege in its Amended Complaint that it has or will suffer any "distinct and palpable" injury. Simply sharing attributes common to persons who may have been injured is an "insufficient predicate" for the conclusion that USR itself also was injured. Id. at 502.

One example illustrates that USR's allegations are not identical to those put forward by the individual plaintiffs. USR vaguely argues that its park land interests have been injured because some third-party residents "have not recreated or permitted their families to recreate in the park."[4] Am. Compl. ¶ 10. USR would have this Court make a "leap of faith" in connecting the picnic habits of residents with the harm to it as a municipality. As one court recently held, such a "leap of faith" would require the Court to "extrapolate from that the facts necessary to find standing. That is not how standing works. No court can simply assume it has jurisdiction." Friends of the Earth v. U.S. Dep't of the Interior, ___ F. Supp. 2d ___, No. 05-2302, 2007 WL 837148, at *5 (D.D.C. Mar. 21, 2007).[5]

Further, adoption of USR's "piggyback" theory would contravene this Court's settled law that municipalities generally do not have *parens patriae* standing and need to have standing based on injury to its own interests. City of New York v. Heckler, 578 F. Supp. 1109, 1123 (S.D.N.Y. 1984). Under USR's theory, any municipality would be able to circumvent the

---

[4] In contrast, citizen-plaintiffs like Karen Miller appear to meet the standing test by averring specific injuries such as, "The child required immediate decontamination" as a result of coming in contact with the allegedly contaminated river water. Am. Compl. ¶ 11.

[5] The Friends of the Earth decision also held that "Plaintiffs are sorely mistaken as to what a court can assume in a standing inquiry . . . [They] need not spell out every factual element necessarily entailed by a basic averment of fact. But a court cannot supply an entirely new, completely absent major premise that is necessary to establish standing. What plaintiffs have asked the Court to do is to take such distinct assertions of general fact and assume additional, distinct assertions of general fact that are necessary to link up the first two." Friends of the Earth, 2007 WL 837148, at *9.

3

rigorous standing requirements by simply encouraging its residents to join a suit and then asserting that a court need not look beyond the standing of its citizen-plaintiffs. That is simply not the law.

## POINT II

## DESPITE ITS ASSERTIONS, USR STILL HAS NOT SUFFICIENTLY ALLEGED THE NECESSARY ELEMENTS OF THE *VALLEY FORGE* TEST, AND, THUS, FAILS TO DEMONSTRATE STANDING TO BRING ITS CWA CLAIMS

USR bases its second argument for why it has standing, like its first, on cases that actually support the District's arguments. USR agrees with the District that it must satisfy all three prongs of the well-settled standing test: injury-in-fact, traceability, and redressability. See Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472 (1982). Citing the Court's requirement (and the District's repeated requests) to produce "general factual allegations" of injury as essential to establishing standing, Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992), USR merely assumes that its Amended Complaint has met that test. Importantly, USR also concedes that "generally, a political subdivision, such as a municipality, does not have *parens patriae* standing, citing City of New York v. Heckler, 578 F. Supp. 1109 (S.D.N.Y. 1984) (Pl. Opp. Brief at 16), but then proceeds to misapply that holding. By failing to state *any* allegations of injury to its municipal interests, USR has not met the standing requirements, and its CWA claims against the District should be dismissed.

A. **USR Fails to Show any Personal Injury, and therefore Fails the Standing Test.**

The first prong of standing, as USR acknowledges, requires a "distinct and palpable" injury. Warth, 422 U.S. at 501. In its Motion to Dismiss, the District cited authority that set forth ways for a municipality to show such an injury. See, e.g., City of Sausalito v. O'Neill, 386

4

F.3d 486, 1198-1199 (9th Cir. 2004) (a municipality has an interest in its ability to enforce land-use and health regulations, in its powers of revenue collection and taxation, in protecting its natural resources from harm, and in land management practices of federal land adjacent to city-owned property). Despite this, USR did not list in its opposition paper any of the many possible municipal injuries. One can only presume that this was because it could not do so.

Instead, USR relies on a case for the proposition that mere geographical proximity is sufficient to establish standing under the CWA. City of Reynoldsburg v. Browner, 834 F. Supp. 963, 970 (S.D. Ohio, 1993).[6] Again, USR distorts the true holding of that case. Reynoldsburg did not enunciate a "mere proximity" test for municipal standing. Instead, the Reynoldsburg decision requires USR to have more than a geographical connection with the Saddle River: "The complaint must also allege that the health, economic, recreational, aesthetic or environmental interest of the plaintiff are being and will be adversely affected." Id. at 970 (emphasis added). Indeed, unlike this case, the Reynoldsburg court found sufficient municipal injury because the City had taken several steps to implement the *Initial Water Quality Management Plan*, including: a) connecting its sewage collection system to the system of the City of Columbus; b) constructing sewers to service areas within the basins of concern; c) managing urban storm water runoff; and d) working with the City of Columbus in the implementation and enforcement of pretreatment requirements. Id. at 966. These steps required municipal funding, were alleged in the complaint, and thus properly satisfied the injury-in-fact requirement. See also Public Interest Research Group of New Jersey v. Powell Duffryn Terminals, Inc. (hereinafter, PIRG), 913 F.2d 64, 71 (3rd Cir. 1990), cert. denied, ---U.S.---, 111 S.Ct. 1018 (1990) (residents near the subject river met the injury requirement by living close to the river in question and by claiming injury to

---

[6] In any event, Reynoldsburg, which deals with Section 208 of CWA, is not dispositive in the instant Section 402 matter.

5

their aesthetic and recreational interests). Because USR's Amended Complaint contains no concrete allegations of injury to its own interests as a municipality as distinct from its citizens, USR does not have standing to bring a CWA claim against the District.

> **B.  USR Fails The "Fairly Traceable" Prong Of Standing, As Well, Because It Has No Injuries To Trace And, Even If It Did, Could Not Distinguish The District's Alleged Contamination From That Of Geese, Wildlife, And Storm Run-Off.**

USR relies on PIRG's "substantial likelihood" test in an effort to show that its injuries are fairly traceable to the District's conduct. In a CWA case, this aspect of causation may be established by showing "that a defendant has 1) discharged some pollutant in concentrations greater than allowed by its permit 2) into a waterway in which the plaintiffs have an interest that is or may be adversely affected by the pollutant and that 3) this pollutant causes or contributes to the kinds of injuries alleged by the plaintiffs." PIRG, 913 F.2d at 72. Here, because USR has not alleged any injury to itself, the third prong is not satisfied; USR's "injuries" have no substantial likelihood of being connected with the District.

Regardless, USR has other traceability issues. While the District recognizes CWA case law holding that "there is no need to prove with scientific certainty that defendant's actions caused the harm suffered by plaintiff," Mancuso v. Consolidated Edison Co. of New York, 130 F. Supp. 2d 584, 592 (S.D.N.Y. 2001), that does not mean that USR can establish causation merely by listing alleged violations. PIRG, 913 F.2d at 72 ("a permit exceedance alone is not sufficient" to satisfy the "fairly traceable" prong of standing requirements). As mentioned in the District's moving brief, the only documented evidence to support the causes of pollution in the West Branch of the Saddle River comes from the New Jersey Department of Environmental Protection. That agency lists stormwater, geese, and wildlife as potential sources of water pollution triggering the development of a Total Maximum Daily Load limitation ("TMDL") for

fecal coliform. N.J. DEP'T OF ENVTL. PROT., *Amendment to the Northeast Water Quality Management Plan* 46, *available at* http:/www.state.nj.us/dep/watershedmgt/DOCS/TMDL/june2006/Northeast%20FC.pdf (last visited May 14, 2007). USR's "traceability" argument is thus undermined by the lack of evidence linking sanitary sewer discharges from the District's system with the TMDL determination.

### POINT III

### USR IS NOT AN ASSOCIATION AND WILL NEVER HAVE ASSOCIATIONAL STANDING NECESSARY TO BRING THIS SUIT BEFORE THE COURT.

In its moving brief, the District made clear that USR may not invoke the doctrine of associational standing. Despite this, USR does not address this well-settled rule and inexplicably makes an "associational standing" argument. Pl. Opp. Brief 14-16. It is undisputed that USR is a municipality under New Jersey state law, not an association. The leading case in this area refers to an association as a "voluntary membership organization." Hunt v. Washington State Apple Advertising Comm., 432 U.S. 333, 342 (1977). Citizens of USR do not have to "join" the municipality; they simply have to live there. Once there, however, much of the "voluntary" relationship disappears: residents may not voluntarily choose which of USR's laws they are required to follow. Simply put, USR is not a representational association.

Courts recognize this important distinction and do not allow municipalities to establish standing based on the doctrine of associational standing. See, e.g., Borough of Carlstadt v. U.S. Army Corps of Eng'rs, No. 05-2771, 2006 WL 305314, at *6 (D.N.J. Feb. 8, 2006) (municipal plaintiff abandoned any reliance on the injuries to its "members" and failed to rebut the defendant's arguments that such "member"-based allegations are insufficient to confer standing). Consequently, the "association standing" case law cited by USR is wholly inapplicable here, and

USR may not bring suit on behalf of its citizens as an association may do on behalf of its members. Thus, all references in the Amended Complaint to "residents" of USR (see, e.g., Am. Compl. ¶¶ 10, 17, and 47) must be disregarded when considering USR's standing; they simply add nothing to USR's legal position.

## POINT IV

### THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER USR'S STATE LAW CLAIMS IN THE EVENT IT DISMISSES USR'S CWA CLAIM

In its opposition brief, USR completely ignores the two cases discussed by the District in its principal brief, In re Investors Funding Corp. of N.Y. Secs. Litig., 523 F. Supp. 550 (S.D.N.Y. 1980), and New York v. Niagara Mohawk Power Corp., 263 F. Supp. 2d 650 (W.D.N.Y. 2003), which hold that a court should not exercise supplemental jurisdiction over state law claims where no federal claim exists. As discussed in Investors, because supplemental jurisdiction presupposes the existence of a pendent claim and a substantial federal claim, in the event the federal claim is dismissed before trial, then the state law claims also should be dismissed. Investors, 523 F. Supp. at 560. Accordingly, the court in Investors determined that there could be no supplemental jurisdiction with respect to plaintiffs whose federal claims had been dismissed. Id. The same holds true here. In the event USR's CWA claim is dismissed, there can be no supplemental jurisdiction by USR, and thus its state law claims must be dismissed as well.

The decision in Niagara Mohawk also demonstrates that it is permissible for a court to decline to exercise supplemental jurisdiction over state law claims asserted against certain defendants when the federal claims against them have been dismissed, even though the court decides to exercise supplemental jurisdiction over state law claims asserted against another defendant whose federal claims remain in the case. This is especially so where, as here, the litigation is in its infancy; there has been no discovery and no protracted pretrial litigation; and

judicial economy would not be served by including the other defendant in the litigation. Niagara Mohawk, 263 F. Supp. 2d at 669-70. In this action, there is no harm that the claims will not be addressed on the merits because, even if USR's claims are dismissed, the individuals' claims will proceed.

In its opposition brief, USR cites to Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2d Cir. 1996) to support its position, and then inserts a misleading partial quote from it in a parenthetical. (Plfs. Opp. Mem. of Law at 19). The portion of the quote that USR conveniently omitted is the following: "[the court]" cannot exercise supplemental jurisdiction unless there is first a proper basis for original jurisdiction." Nowak, 81 F.3d at 1187; see also Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir. 1992) ("Supplemental jurisdiction could be exercised only if some other, related claim provides a proper basis for federal jurisdiction.") cited in Nowak, 81 F.3d at 1187; In re Joint Eastern and Southern Dist. Asbestos Litig., 14 F.3d 726, 730 n.2 (2d Cir. 1993) ("[T]he court may not exercise supplemental jurisdiction over claims unless the court has 'original jurisdiction' over at least one of the plaintiff's claims.") quoted in Nowak, 81 F.3d at 1187.

In Nowak, the Second Circuit recognized that "[i]nsofar as the district court previously determined that there was no original federal subject matter jurisdiction over the suit, it could not exercise supplemental jurisdiction over [the plaintiff's] state law claims." 81 F.3d at 1187. Nevertheless, because the Second Circuit construed the motion to dismiss as one for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), as opposed to one for lack of subject matter, pursuant to Rule 12(b)(1), the Second Circuit affirmed the exercise of supplemental jurisdiction and the court's consideration of the plaintiff's state law claims. Id.

Here, the District's motion to dismiss is brought pursuant to Rule 12(b)(1) for lack of standing on the part of USR under Article III of the United States Constitution to assert CWA claims against the District. Thus, if the Court grants the District's motion and dismisses USR's CWA claim for lack of standing, the Court never had original jurisdiction over that claim. Under such circumstances, as <u>Nowak</u> and the cases cited therein make clear, the Court is not permitted to exercise supplemental jurisdiction over USR's state law claims.

In short, it is undisputed that supplemental jurisdiction over USR's state law claims would be inappropriate in the event the Court dismisses USR's CWA claim.

## CONCLUSION

For the foregoing reasons, defendant Rockland County Sewer District #1 respectfully requests that the Court dismiss all claims asserted against it by plaintiff Borough of Upper Saddle River.

Respectfully submitted,

HOLLAND & KNIGHT, LLP

By: _____
James V. Marks (JM 6257)
Roseann Bassler Dal Pra (RBD 4919)
195 Broadway
New York, New York 10007
Tel.: (212) 513-3200
Fax: (212) 385-9010

Lawrence R. Liebesman (Admitted Pro Hac Vice)
Steve Kelton (Admitted Pro Hac Vice)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave. NW
Washington, DC 20006
Tel.: (202) 955-3000
Fax: (202) 955-5564

Counsel for Defendant
Rockland County Sewer District #1