James V. Marks (JM 6257)
Roseann Bassler Dal Pra (RBD 4919)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
212-513-3200

Attorneys for Defendant
Rockland County Sewer District #1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOROUGH OF UPPER SADDLE RIVER,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF AIRMONT, ROCKLAND, COUNTY SEWER DISTRICT #1,<br><br>Defendants. | 07 Civ. 0109 (____) (MDF) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS ASSERTED BY PLAINTIFFS KAREN MILLER, ROY OSTROM, MARIA FLORIO, MARK RUFFOLO AND LINDA MCDONALD**

# TABLE OF CONTENTS

PROCEDURAL HISTORY ........................................ 1

ARGUMENT

THE INDIVIDUAL PLAINTIFFS SHOULD BE DISMISSED BECAUSE THEY VIOLATED JURISDICTIONAL REQUIREMENTS BY FILING THEIR SUIT BEFORE THEY HAD GIVEN 60-DAYS NOTICE OF INTENT TO SUE UNDER THE CLEAN WATER ACT. ........................................ 2

A. Compliance with the 60-day notice provision is a mandatory precondition for District Court jurisdiction under a Clean Water Act suit and cannot be waived by the Court at its discretion........................................ 2

B. Plaintiffs had ample warning to give 60-day notice. ........................................ 4

C. Plaintiffs cannot "piggyback" on USR's notice. ........................................ 4

D. This case is about meeting statutory criteria, not about being unfair or unreasonable........................................ 6

E. Because the Plaintiffs' no longer have a viable Federal claim, their state law claims should be dismissed, as well. ........................................ 7

CONCLUSION ........................................ 8

## TABLE OF AUTHORITIES

### CASES

Atlantic States Legal Foundation, Inc. v. Eastman Kodak Co., 933 F.2d 124 (2d Cir. 1991) .......... 2

Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York, 273 F.3d 481 (2d Cir. 2001) .......... 3

City of New York v. Anglebrook Ltd. Partnership, 891 F. Supp. 900 (S.D.N.Y. 1995) .......... 3

Environmental Defense Fund v. Tidwell, 837 F. Supp. 1344 (E.D.N.C. 1992) .......... 5

Hallstrom v. Tillamook County, 493 U.S. 20 (1989) .......... 2, 3, 4, 7

In re Investors Funding Corp. of N.Y. Securities Litigation, 523 F. Supp. 550 (S.D.N.Y. 1980) .......... 7

Mancuso v. New York State Thruway Authority, 909 F. Supp. 133 (S.D.N.Y. 1995) .......... 5

New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., Inc., 72 F.3d 830 (10th Cir. 1996) .......... 4, 6

U.S. E.P.A. ex rel. McKeown v. Port Authority of New York and New Jersey, 162 F. Supp. 2d 173 (S.D.N.Y. 2001) .......... 3

Washington Trout v. McCain Foods, Inc., 45 F.3d 1351 (9th Cir. 1995) .......... 5, 6

### STATUTES

40 C.F.R. § 135.3(a) .......... 5

33 U.S.C. § 1365(b)(1)(A) .......... 2

Clean Water Act, 33 U.S.C. § 1365(a)(1) .......... 2

Clean Water Act, 33 U.S.C. §1365(b)(1)(A) .......... 1

Fed. R. Civ. P. 12(b)(1) .......... 1

Defendant Rockland County Sewer District #1 (the "District") respectfully submits this memorandum of law in support of its Motion to Dismiss all claims asserted against it by citizen plaintiffs Karen Miller, Roy Ostrom, Maria Florio, Mark Ruffolo, and Linda McDonald ("Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(1) (the "Motion"). The grounds for the Motion are that Plaintiffs did not comply with the 60-day notice requirement of the Clean Water Act, 33 U.S.C. §1365(b)(1)(A).

For the reasons set forth below, the Motion should be granted in its entirety.

## PROCEDURAL HISTORY

The history of this litigation reveals a critical flaw of Plaintiffs regarding the 60-day notice requirement of the Clean Water Act—that the Borough of Upper Saddle River ("USR") satisfied the jurisdictional notice requirement for itself but ignored that same requirement when adding five individuals as plaintiffs.[1]

On March 6, 2006, USR filed the first of two Notices of Intent to Sue for unpermitted illegal discharges under the federal Clean Water Act ("CWA"); the second was sent on October 6, 2006. At the May 22, 2007 oral argument on the District's Motion to dismiss USR on standing grounds, the District's counsel noted that the individual plaintiffs, unlike USR, did not file a 60-day Notice of Intent to Sue under the CWA. While the District did not contest the standing of the individuals, it requested the opportunity to file an additional motion to dismiss them as plaintiffs on the 60-day notice issue. The Court granted the District's request and set forth an expedited briefing schedule for considering that motion.

[1] For a full discussion of this case's procedural history, the District refers the Court to the District's previous summary. See Def. Memo. in Support of Motion to Dismiss at 1-2.

# ARGUMENT

## THE INDIVIDUAL PLAINTIFFS SHOULD BE DISMISSED BECAUSE THEY VIOLATED JURISDICTIONAL REQUIREMENTS BY FILING THEIR SUIT BEFORE THEY HAD GIVEN 60-DAYS NOTICE OF INTENT TO SUE UNDER THE CLEAN WATER ACT.

The citizen suit provision of the CWA, 33 U.S.C. § 1365(a)(1), sets forth strict procedural requirements prior to filing suit in federal court. That section specifies that no action may be commenced under the citizen suit provision "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order." 33 U.S.C. § 1365(b)(1)(A); see Atlantic States Legal Foundation, Inc. v. Eastman Kodak Co., 933 F.2d 124, 127 (2d Cir. 1991) (affirming the requirements of 33 U.S.C. § 1365(b)(1)(A)). In other words, Plaintiffs were required to notify the Administrator of the U.S. Environmental Protection Agency, the New York Department of Environmental Conservation, and the District. Yet, before filing suit, counsel for Plaintiffs has admitted that the individuals did not file separate written notice to any of those three parties, much less with sixty (60) days' notice. Plaintiffs' counsel apparently believes that the individuals can rely on USR's notice and need not file their own. The District respectfully disagrees. Because Plaintiffs did not follow the statutory requirements, their suit should be dismissed.

### A. Compliance with the 60-day notice provision is a mandatory precondition for District Court jurisdiction under a Clean Water Act suit and cannot be waived by the Court at its discretion.

The Supreme Court has held that where a party suing under the citizen suit provision fails to meet the notice and 60-day delay requirements, a district court must dismiss the action as barred by the terms of the statute. Hallstrom v. Tillamook County, 493 U.S. 20, 33 (1989).

While the Court construed the notice requirement of the Resource Conservation and Recovery Act ("RCRA"), it made clear that the same requirement applies to citizen suit provisions in numerous other federal environmental statutes.[2] Examining the language of the statute itself, the Court found that "this provision could not be clearer." Id. at 26. "Under a literal reading of the statute, compliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit." Id.

The Supreme Court in Hallstrom also addressed and rejected petitioner's argument that a 60-day stay in the case should be allowed so that the petitioners could cure the notice defect. The Court held that staying judicial action once the suit has been filed "flatly contradicts the language of the statute." Id. at 26. Since Congress did not create an exception from complying with the notice requirement, a court is "not at liberty to create an exception where Congress has declined to do so." Id. Accordingly, the Supreme Court held that the notice and 60-day delay requirements are "mandatory conditions precedent to commencing suit" under the citizen suit provision, and that "a district court may not disregard these requirements at its discretion." Id. at 31. Therefore, the District submits that the Court lacks discretion here to stay this case until the individual Plaintiffs provide the requisite notice and cure the jurisdictional defect. The only remedy is dismissal.

[2] The Supreme Court cited to the CWA and 15 other environmental statutes whose citizen suit provisions were patterned after the parallel section in the Clean Air Amendments of 1970. See Hallstrom, 493 U.S. at 23 n.1. This Court views the CWA provisions as "almost identical" to the RCRA ones. U.S. E.P.A. ex rel. McKeown v. Port Authority of New York and New Jersey, 162 F. Supp. 2d 173, 185 (S.D.N.Y. 2001). Many courts—including this Court—have since applied the Hallstrom interpretation to CWA cases. See, e.g., Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York, 273 F.3d 481 (2d Cir. 2001); City of New York v. Anglebrook Ltd. Partnership, 891 F. Supp. 900, 906 (S.D.N.Y. 1995) ("Hallstrom has subsequently been applied to Clean Water Act cases").

B. Plaintiffs had ample warning to give 60-day notice.

Plaintiffs were certainly aware of the need to submit their 60-day notice letter. First and foremost, the CWA itself put Plaintiffs on notice of the requirements for bringing suit. Hallstrom, 493 U.S. at 32. In addition, Plaintiffs arguably would have seen local press coverage of the pending suit. See Town to Sue Airmont Over Dirty Water, Town Journal Upper Saddle River, Oct. 26, 2006; Airmont, Rockland Sewer District Sued for Spilling Waste in Saddle River, The Journal News, Jan. 13, 2007.

It was no secret that the District planned to challenge USR's standing. Writing this Court on February 5, 2007—and following up by its comments at the status conference on the proposed Amended Complaint—the District detailed its expected Motion to Dismiss for lack of standing. USR and all other potential parties were thus put on notice that they were going to have to bolster their position—often done by adding parties with rock-solid standing. Though individual Plaintiffs could have asked USR to modify the schedule for filing its Amended Complaint, given their 60-day notice, and then joined USR in the action at the end of the 60 day period. Instead, USR hastily added them as co-plaintiffs in a poor attempt to cure the Complaint's fatally deficient lack of standing.

C. Plaintiffs cannot "piggyback" on USR's notice.

Plaintiffs will likely assert that the individuals can rely on USR's October 2006 notice letter and need not file their own. However, after Hallstrom, the weight of authority holds that each plaintiff has an independent obligation to provide notice of intent to sue.

While the Second Circuit has not ruled on this precise issue, both the Ninth Circuit and the Tenth Circuit have concluded that one plaintiff's compliance with the pre-suit notice requirements does not satisfy the duty of another plaintiff to give notice on its own behalf. New

Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., Inc., 72 F.3d 830, 831 (10th Cir. 1996); Washington Trout v. McCain Foods, Inc., 45 F.3d 1351, 1354 (9th Cir. 1995). Both courts determined that the policy arguments underlying citizen suits compel each party to meet the notice requirements. The Ninth Circuit, for example, found that the first purpose of giving a sixty-day notice is "to allow the parties time to resolve their conflicts in a nonadversarial time period. Once the suit is filed, positions harden and compromise is less likely." Washington Trout, 45 F.3d at 1354. The second purpose of notice is to alert the appropriate state or federal agency "so administrative action may initially provide the relief the parties seek before a court must become involved." Id. The Ninth Circuit found that if the agencies did not know the names of the additional plaintiffs, "they were not in a position to negotiate with the plaintiffs or seek an administrative remedy. This made any sort of resolution between the parties during the notice period an impossibility." Id. These authorities are far more persuasive than the few scattered district courts that have allowed "piggyback issues" by holding that "notice by one plaintiff is sufficient to put a defendant on notice of the alleged violation as to all plaintiffs." See Envtl. Def. Fund v. Tidwell, 837 F. Supp. 1344, 1352 (E.D.N.C. 1992).

The individual Plaintiffs also cannot rely on a theory of "substantial reliance" of the notice requirement. This Court has previously held that it need not dismiss plaintiffs who provided "adequate notice" of the alleged violations of the CWA. Mancuso v. New York State Thruway Authority, 909 F. Supp. 133, 136 (S.D.N.Y. 1995). Yet Mancuso is distinguishable from the instant case for two major reasons.

First, all the Mancuso plaintiffs were identified in accordance with Federal regulations for "contents of notice." 40 C.F.R. § 135.3(a) (notice must include "sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been

violated, the activity alleged to constitute the violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice"). Not having Plaintiffs' full names, addresses, and phone numbers critically handicapped the agencies and the District in their dispute resolution (see Washington Trout and New Mexico Citizens, *supra*).

Second, the first notice in Mancuso contained a detailed report on the allegations. In stark contrast, USR and the citizen Plaintiffs finally released detailed allegations in their Amended Complaint; the first Notice was devoid of the detail which this Court needs to find substantial compliance. Specifically, the October 2006 notice letter and the original Complaint largely contained general allegations; the only specific allegation discussed discharges at the Cherry Lane and South Monsey Road manholes. Compl. at ¶ 28. The vague notice and Complaint only gained specificity in response to the District's repeated requests for detailed information: the Amended Complaint finally was more specific as to alleged discharges affecting users of Lyons Park and adjacent Saddle River resources. (See Amend. Compl. ¶¶ 10-15.) Indeed, the individual Plaintiffs present so much new information in the Amended Complaint that they need to issue their own notice in order to meet the "adequate notice" test of Mancuso.

In short, strict compliance with the notice provision of the CWA is essential. The individual Plaintiffs clearly failed to provide a separate written notice and their attempt to "piggyback" on the notice provided by USR must fail.

D. This case is about meeting statutory criteria, not about being unfair or unreasonable.

By filing this Motion, the District does not dispute the citizen-plaintiffs' standing, just their lack of giving 60-day notice. Accordingly, this Court need not balance the equitable

questions of whether it would be unfair or unreasonable to dismiss the Plaintiffs on a "technicality." Rather, this Court should follow Hallstrom and conclude that dismissal of this action will not have "the inequitable result of depriving" Plaintiffs' right to their day in court. Hallstrom, 493 U.S. at 32. Plaintiffs "remain free to give notice and file their suit in compliance with the statute to enforce pertinent environmental standards." Id.

As the Supreme Court did in Hallstrom, this Court should find that equitable considerations are not persuasive. Since the 60-day notice provision is unlike a statute of limitations, it is not subject to a "traditional equitable tolling principle." Id. at 27. In Hallstrom, as here, the individual Plaintiffs had full control over the timing of their suit: "The equities do not weigh in favor of modifying statutory requirements when the procedural default is caused by petitioners' failure to take the minimal steps necessary to preserve their claims." Id.

As the above arguments make clear, dismissal based on statutory non-compliance is the proper course of action: "In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Id. at 31 (internal quotations omitted).

E. Because the Plaintiffs' no longer have a viable Federal claim, their state law claims should be dismissed, as well.

The District has previously argued that USR's state law claims should be dismissed because USR did not have a viable federal claim for lack of standing. Def. Memo. in Support of Motion to Dismiss at 12-13. Indeed, this Court was clear that "if the federal claims are dismissed before trial . . . the state law claims should be dismissed as well." In re Investors Funding Corp. of N.Y. Secs. Litig., 523 F. Supp. 550, 560 (S.D.N.Y. 1980). Similarly, the citizen-Plaintiffs' state law claims should be dismissed because their failure to provide proper notice deprives this Court of jurisdiction over their federal claims under the Clean Water Act.

## CONCLUSION

For the foregoing reasons, defendant Rockland County Sewer District #1 respectfully requests that the Court dismiss all claims asserted against it by the citizen plaintiffs Karen Miller, Roy Ostrom, Maria Florio, Mark Ruffolo, and Linda McDonald.

Respectfully submitted,

HOLLAND & KNIGHT, LLP

By: /s/ James V. Marks

James V. Marks (JM 6257)
Roseann Bassler Dal Pra (RBD 4919)
195 Broadway
New York, New York 10007
Tel.: (212) 513-3200
Fax: (212) 385-9010

Lawrence R. Liebesman (Admitted Pro Hac Vice)
Steve Kelton (Admitted Pro Hac Vice)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave. NW
Washington, DC 20006
Tel.: (202) 955-3000
Fax: (202) 955-5564

Counsel for Defendant
Rockland County Sewer District #1

# 4562178_v3