## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND........................................................1
PERTAINING TO THE DISTRICT

POINT I ........................................................................................3
    THE NOTICE OF INTENT TO SUE LETTER PROVIDED
    BY USR IN A SUIT BROUGHT BY ALL PLAINTIFFS IN
    THIS ACTION CONSTITUTES SUBSTANTIAL
    COMPLIANCE WITH THE NOTICE REQUIREMENTS OF
    THE CLEAN WATER ACT

POINT II ........................................................................................10
    THIS COURT SHOULD EXERCISE SUPPLEMENTAL
    JURISDICTION OVER THE INDIVIDUAL PLAINTIFF'S
    STATE LAW CLAIMS

CONCLUSION................................................................................11

# TABLE OF CASES

*Atlantic States Legal Foundation, Inc. v. Koch Refining Company*, ...................................9
681 F.Supp. 609, 612, fn. 6 (D. Minn. 1988)

*Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co.*, ........................................4
116 F.3d 814, 819 (7th Cir. 1997)

*Building and Construction Trades Council of Buffalo, New York and Vicinity v.* .......10, 11
*Downtown Development, Inc.*, 448 F.3d 138, 142, 158 (2d Cir. 2006)

*Carney v. Gordon County, Georgia*, 2006 WL 4347048 (N.D. Ga.) (2006)...............4, 6, 7

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York*, .......................11
273 F.3d 481, 494 (2d Cir. 2001)

*Citizens for a Better Environment-California v. Union Oil Company* .................................9
*of California*, 861 F.Supp. 889, 913 (N.D. Cal. 1994)

*Environmental Defense Fund v. Tidwell*, ..........................................................................5, 7
837 F.Supp. 1344, 1352-1353 (E.D.N.C. 1992)

*Hallstrom v. Tillamook County*, 493 U.S. 20 (1990) ........................................3, 4, 5, 6, 7, 8

*Long Island Soundkeeper Fund, Inc. v. New York Athletic Club of the* ...............................8
*City of New York*, 1996 WL 131863 (S.D.N.Y. 1996)

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ...................................................3

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990) .......................................3

*Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co.*, ........................5, 6, 7
72 F.3d 830 (10th Cir. 1996)

*Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004)......................................................3

*Student Public Interest Research Group of New Jersey, Inc. v. AT&T* ............................8, 9
*Bell Laboratories*, 617 F.Supp. 1190, 1193-94 (D. N.J. 1985)

*Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351 (9th Cir. 1995).....................5, 6, 7

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to the subsequent notice of motion to dismiss filed by Defendant, Rockland County Sewer District # 1 (hereafter the "RCSD1" or "Defendant"), *solely* as against the individual Plaintiffs, Karen Miller, Roy Ostrom, Maria Florio, Mark Ruffolo and Linda McDonald (hereafter "individual Plaintiffs" or "Plaintiffs"). Contrary to RCSD1's contention, under the facts of this case, it is respectfully submitted that since Plaintiff, Borough of Upper Saddle River (hereafter "municipal Plaintiff" or "USR"), provided notice as required by the Clean Water Act and the regulations promulgated thereunder, such notice constitutes substantial compliance with said notice requirements in this lawsuit brought by all Plaintiffs such that the RCSD1's motion should be denied in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND PERTAINING TO THE DISTRICT[1]

The relevant factual and procedural issues germane to this subsequent motion are easily set forth.[2] On March 6, 2006, a two (2) page Notice to Sue for Unpermitted and Illegal Discharges under the Clean Water Act letter was served by mail (certified mail, return receipt requested) upon the following: Village of Airmont, Board of Trustees; Stephen L. Johnson, Administrator, U. S. Environmental Protection Agency; New Jersey Department of Environmental Protection; Rockland County Sewer District No. 1 (a/k/a the "District"); and New York Department of Environmental Conservation (Exhibit "A").

---

[1] For a detailed discussion concerning the factual and procedural issues pertaining to the District, this Court's attention is respectfully addressed to pp. 1-4 of USR's Memorandum of Law in Opposition dated May 9, 2007, which, in turn, incorporates by reference those exhibits attached to affidavit of Michael K. Burke, Esq. dated May 9, 2007, which was simultaneously filed.

[2] Unless otherwise noted, references to exhibits refer to those exhibits attached to the accompanying affidavit of Michael K. Burke, Esq. filed along with this Memorandum of Law.

This formal notice letter was prepared and served "on behalf of [USR] and other potential citizen plaintiffs within the Village of Airmont and [USR]" and enclosed "evidence of prior unpermitted and illegal discharges which are continuing unabated". *Id.*

Thereafter, on October 6, 2006, a four (4) page Notice to Sue for Unpermitted Illegal Discharges under the Clean Water Act letter was served by mail (certified mail, return receipt requested) upon the following: Village of Airmont, Board of Trustees; Stephen L. Johnson, Administrator, U. S. Environmental Protection Agency; New Jersey Department of Environmental Protection; Rockland County Sewer District No. 1; and New York Department of Environmental Conservation (Exhibit "B"). This formal notice letter was prepared and served "on behalf of [USR] and other potential citizen plaintiffs within the Village of Airmont and [USR]" and sets forth with sufficient information, *inter alia,* specific effluent standards and limitations, the activity alleged to constitute such violations, the persons or entities responsible for such violations, the location of such violations, and the dates of same. *Id.* Finally, it is readily apparent, and not contested by the RCSD1, that the formal notice letter was properly provided to the U.S. Environmental Protection Agency, to the alleged violators and to the states in which the violations are alleged to be occurring pursuant to 33 U.S.C. 1365(b)(1)(A) and the regulations promulgated thereunder. It is contested that USR has therefore complied with both the *timeliness* and *sufficiency* components of the notice provisions set forth in the Clean Water Act. (Plaintiff's Memorandum of Law, p. 1)

The individual Plaintiffs concede that they did not prepare and serve by mail separate written sixty (60) day notices. However, as is set forth in greater detail below, a separate filing is not necessary. In lieu of preparing and filing an Answer to the Amended

2

Complaint, RCSD1 has subsequently moved, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss all claims asserted *solely* by the individual Plaintiffs. However, as set forth in detail below, a court in the Southern District within the Second Circuit has recognized that notice by a single plaintiff which satisfies the notice requirements of the Clean Water Act constitutes substantial compliance in a suit brought by multiple plaintiffs so as to warrant denial of the RCSD1's motion to dismiss in its entirety.

## ARGUMENT

## POINT I

### THE NOTICE OF INTENT TO SUE LETTER PROVIDED BY USR IN A SUIT BROUGHT BY ALL PLAINTFFS IN THIS ACTION CONSTITUTES SUBSTANTIAL COMPLIANCE WITH THE NOTICE REQUIREMENTS OF THE CLEAN WATER ACT

This Court is reminded that the present matter is at the early onset of the pleading stage. At the pleading stage, "…general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specified facts that are necessary to support the claim". *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) (citation to *Lujan v. National Wildlife Federation,* 497 U.S. 871, 889 (1990). Further, when dealing, as in the present matter, with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), "[d]ismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Raila v. United States,* 355 F.3d 118, 119 (2d Cir. 2004) (citation omitted).

*Hallstrom v. Tillamook County,* 493 U.S. 20 (1990), relied upon by RCSD1 in support of its argument that notice was inadequate, is clearly distinguishable from the

present matter. In *Hallstrom,* plaintiffs/property owners, believing that the county was violating the Resource Conservation and Recovery Act (hereafter "RCRA") in the operation of its sanitary landfill, sent respondent a written notice of their intention to file suit. A year later, plaintiffs' commenced suit and respondent moved to dismiss on the ground that at the time suit was filed plaintiffs had not sent notice of intent to sue to Oregon's Department of Environmental Quality (DEQ) and the Environmental Protection Agency (EPA) as required by RCRA.[3] One day after respondent moved to dismiss, plaintiffs immediately sent notice of intent to sue to both the DEQ and the EPA. The District Court held that the later notice was sufficient and denied respondent's motion to dismiss. The Ninth Circuit reversed, holding that plaintiffs' failure to comply with the sixty (60) notice requirement as to the DEQ and the EPA warranted remanding the action back to the District Court with instructions to dismiss.

Granting certiorari, the Supreme Court affirmed. However, a careful reading of the Supreme Court's decision confirms that the Court did not address the *sufficiency* of the notice let alone whether notice by one plaintiff would satisfy the notice requirement as to all plaintiffs. To the contrary, the Court focused upon the *timeliness* of the notice. Adopting a literal interpretation of the notice requirement, the Court in *Hallstrom* held that since plaintiffs failed to give *any* notice to either the DEQ or the EPA as required, the District Court lacked subject matter jurisdiction. Significantly, the *sufficiency* of the plaintiffs' notice was not addressed by the Court. *See e.g., Carney v. Gordon County, Georgia,* 2006 WL 4347048 (N. D. Ga.) (2006) ("The *sufficiency* of the notice was never an issue in *Hallstrom,* only its timeliness.") (emphasis in original). *See also Atlantic States Legal Foundation, Inc. v. Stroh Die Casting Co.,* 116 F.3d 814, 819 (7th Cir. 1997)

---

[3] The notice provision of RCRA is substantially similar to the Clean Water Act's notice provision.

("*Hallstrom*, however, said nothing about the content of the notice."), *cert. denied* 522 U.S. 981 (1997). Further, the Court in Hallstrom did not address whether plaintiffs could collectively comply with the notice requirements when one plaintiff has satisfied the notice requirements. *See e.g., Environmental Defense Fund v. Tidwell*, 837 F.Supp. 1344, 1352-1353 (E.D.N.C. 1992) ("Moreover, the court agrees with Magistrate Denson's conclusion that the Supreme Court's holding in *Hallstrom* is inapposite. In *Hallstrom*, the Supreme Court held that a single plaintiff's failure to satisfy the notice requirements deprived the Court of jurisdiction to hear the citizen's suit. The *Hallstrom* Court's ruling, however, did not address whether notice by one plaintiff would satisfy that requirement as to all plaintiffs.").

The facts underlying the present matter clearly distinguish it from *Hallstrom*. Here, RCSD1 does not allege, let alone argue, that USR's notice of intent to sue letters (Exhibits "A" and "B") are deficient on either a *timeliness* or *sufficiency* basis. For example, unlike the plaintiffs in *Hallstrom*, here the formal notice letters were properly provided to the U.S. Environmental Protection Agency, to the alleged violators and to the states in which the violations are alleged to be occurring. Instead, RCSD1 argues that despite USR's notice of intent to sue letters, the individual Plaintiffs' claims should be dismissed since the individual Plaintiffs did not prepare and serve by mail separate written sixty (60) day notices. Clearly, as discussed above, this was not an issue addressed or considered by the Court in *Hallstrom*. As such, RCSD1's reliance upon *Hallstrom* is unpersuasive.

RCSD1's reliance upon *Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351 (9th Cir. 1995) and *Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co.*,

*Inc.* 72 F.3d 830 (10th Cir. 1996) is likewise unpersuasive. In *Washington Trout*, Washington Trout, the United Food and Commercial Workers of Local 1439 and the Central Basin Audubon Society brought a Clean Water Act citizen suit as against the defendant, McCain Foods, alleging discharge of pollutants from a potato processing plant. Prior to commencement of the suit, plaintiffs' attorney sent a sixty (60) day notice letter under the Clean Water Act. The letter, however, did not, *inter alia,* furnish the identity, address and phone number of the Washington Trout and the Central Basin Audubon Society nor did it specifically identify the dates of the alleged violations. Stating that it was "guided by the Court's decision in *Hallstrom* and find its holding applicable to the notice requirements under the Clean Water Act", the Ninth Circuit dismissed the suit after determining that the plaintiffs had not complied with the *sufficiency* component of the notice provision. "The notice provided to McCain was insufficient as required by the regulations promulgated under the [Clean Water Act]." *Washington Trout, supra,* at 1354-1355.

The Ninth Circuit's characterization of the *Hallstrom* decision, however, has since been criticized. In *Carney, supra* the District Court noted the following:

> However, this court places little reliance on *Washington Trout*, since it mischaracterizes both the facts and the holding of *Hallstrom.* In *Washington Trout*, the Ninth Circuit stated:
>
>> The plaintiffs' understanding of the *Hallstrom* decision is misplaced. In *Hallstrom*, the petitioners did send a notice to the respondent that they argued qualified as notice under the statute. (citation omitted). The issue in *Hallstrom* was whether the notice was sufficient under the regulation's mandate whether the notice requirement should be strictly construed or liberally applied by the district courts. The Court held that the notice requirement under the regulations was to be strictly construed. Therefore, the *Hallstrom* decision does not stand for the fact that without any notice, there could be no suit. Rather, the Court held that the notice

6

> requirements set forth in the regulations must be satisfied before the case may be heard in federal district court.
>
> This characterization is simply wrong. In *Hallstrom,* the plaintiffs had sent notice to the respondent, Tillamook County, and filed suit one year later; however, at the time they filed suit, the plaintiffs had not sent notice to [the DEQ] and the [EPA], as required by the statute. When Tillamook County moved to dismiss for failure to comply with the notice provisions of the [RCRA], the plaintiffs immediately sent notice to [DEQ] and the [EPA]. The district court held that this later notice was sufficient and denied the motion to dismiss. The Ninth Circuit reversed, holding that the plaintiffs' failure to comply with the 60-day notice requirement as to [DEQ] and the [EPA] deprived the court of jurisdiction. The Supreme Court affirmed. The *sufficiency* of the notice was never an issue in *Hallstrom,* only its timeliness. Because of its blatant mischaracterization of *Hallstrom,* this court finds any discussion by the *Washington Trout* court to be particularly unpersuasive. *Carney, supra* at p. 4.

In addition to such criticism, *Washington Trout* is clearly distinguishable from the present matter since it does not address the issue of whether proper notice by one plaintiff would satisfy the notice requirement as to all plaintiffs.

Unlike *Hallstrom* and *Washington Trout, New Mexico Citizens for Clean Air and Water* (hereafter *"New Mexico"*), does directly address the issue as to whether one plaintiff's compliance with the notice requirements pursuant to the Clean Water Act satisfies the duty of other plaintiffs to give such notice on their own behalf. The Tenth Circuit determined that each plaintiff must comply with the sixty (60) day notice provision and held that since plaintiff, Pueblo of San Juan, did not do so it was not a proper party to the action. In rendering its decision, however, the Tenth Circuit recognized that "some district courts have adopted a pragmatic view that notice by one plaintiff acts as notice by all, *see, e.g., Environmental Defense Fund v. Tidwell,* 837 F.Supp. 1344, 1352-1353 (E.D.N.C. 1992)...". *New Mexico, supra* at 833.

7

RCSD1 concedes that the Second Circuit has not ruled on the precise issue as to whether one plaintiff's compliance with the notice requirements satisfies the duty of other plaintiffs. (*See* p. 1 and 4 of the RCSD1's Memorandum of Law.) However, this precise issue was addressed by a Court within the Southern District of New York in *Long Island Soundkeeper Fund, Inc. v. New York Athletic Club of the City of New York,* 1996 WL 131863 (S.D.N.Y. 1996) (hereafter "*Soundkeeper*"), which involved claims pursuant to, the Clean Water Act. Plaintiffs Soundkeeper and New York Coastal Fishermen's Association (hereafter "Fishermen") commenced an action alleging, *inter alia,* violations of the Clean Water Act by the defendant, New York Athletic Club of the City of New York, in the operation of a trap shooting range at its facility on the Long Island Sound. Prior to the commencement of the suit, Fishermen had provided a sixty (60) day notice of intent to sue pursuant to the Clean Water Act. Soundkeeper, however, did not provide its own, independent notice. As part of its motion to dismiss, the defendant contended that Soundkeeper should be dismissed as a party to the suit. In addressing this particular point, the District Court stated:

> Defendant contends that Plaintiff Soundkeeper should be precluded from proceeding as a party to this litigation because it failed to provide at least sixty…days notice of intent to sue as required by the [Clean Water Act]…In order to bring suit under the [Clean Water Act], a plaintiff must comply with the notice provisions of the relevant statute. *See, Hallstrom v. Tillamook County,* 493 U.S. 20, 26 (1989). Defendant concedes that Plaintiff Fishermen sent a timely letter by which it provided timely notice of its intent to sue, but contends that Notice provided by a single plaintiff does not serve as notice from all plaintiffs…Notice provided by a single plaintiff in a suit brought by multiple plaintiffs constitutes "substantial compliance" with the notice requirements of the [Clean Water Act]. *Cf. Student Public Interest Research Group of New Jersey, Inc. v. AT&T Bell Laboratories,* 617 F.Supp. 1190, 1193-94 (D. N. J. 1985). Accordingly, Defendant's argument that Plaintiff Soundkeeper should be dismissed for failing to send its own notice of intent to sue fails. *Id.* at 3.

8

*See also Citizens for a Better Environment-California v. Union Oil Company of California,* 861 F.Supp. 889, 913 (N.D.Cal. 1994) ("By its terms, 33 U.S.C. § 1365(b)(1)(A) requires only that sixty days notice be given before a '[citizen] *action*' is commenced. The statute does not provide that *every* plaintiff must give such notice.") (emphasis in original), *aff'd* 83 F.3d 1111 (9th Cir. 1996), *cert. denied* 519 U.S. 1101 (1997). *See also Atlantic States Legal Foundation, Inc. v. Koch Refining Company,* 681 F.Supp. 609, 612, fn. 6 (D. Minn. 1988) ("Although [one plaintiff] was not a signatory party to the notice letter, it is entitled to *piggyback* on [another plaintiffs'] compliance." (citation to *Student Public Interest Research Group of New Jersey, Inc., supra*)).

In the present matter, USR provided timely notice of its intention to sue pursuant to 33 U.S.C. 1365(b)(1)(A) and the regulations promulgated thereunder. USR has therefore complied with both the *timeliness* and *sufficiency* components of the notice provisions set forth in the Clean Water Act. The claims of the individual Plaintiffs set forth in the Amended Complaint (*See* Exhibit "C", ¶¶ "11" through "53" to the previously filed affidavit of Michael K. Burke, Esq. dated May 9, 2007) arise from the same nucleus of operative facts (e.g., specific effluent standards and limitations, the activities alleged, the persons or entities responsible, the location and dates of such violations) set forth in the Notice to Sue for Unpermitted Illegal Discharges under the Clean Water Act (Exhibit "B"). Further, there is no genuine suggestion that RCSD1's conduct would have been any different if each individual Plaintiff had separately complied with the sixty (60) day notice requirement. Consistent with the District Court's holding in this Circuit, in the present matter compliance by USR, which satisfies the notice requirements of the Clean Water Act, should be held to constitute substantial

compliance in a suit brought the individual Plaintiffs so as to warrant denial of RCSD1's motion in its entirety.

## POINT II

### THIS COURT SHOULD EXERCISE SUPLEMENTAL JURISDICTION OVER THE INDIVIDUAL PLAINTIFFS' STATE LAW CLAIMS

The municipal Plaintiff, USR, has previously argued that this Court has original jurisdiction via subject matter jurisdiction over USR's Clean Water Act claims and federal question jurisdiction pursuant to, respectively, 33 U.S.C. § 1365 (a)(1) and 28 U.S.C. § 1331. *See* Points I, II and III of USR's previously filed Memorandum of Law in Opposition dated May 9, 2007, at pp. 5 – 17. Further, as set forth in Point I above, this Court has original jurisdiction of the individual Plaintiffs' Clean Water Act claims since notice by a single plaintiff which satisfies the notice requirements of the Clean Water Act constitutes substantial compliance in a suit brought by multiple plaintiffs. Finally, the state law claims set forth by the individual Plaintiffs' in the Amended Complaint arise out of the same operative facts underlying those violations of the Clean Water Act such that this Court's exercise of supplemental jurisdiction is warranted pursuant to 28 U.S.C. § 1367(a).

Alternatively, even if it were assumed, without deciding, that solely for the purpose of RCSD1's subsequent motion that this Court determined that the individual Plaintiffs can not rely upon USR's sixty (60) day notice, it is respectfully requested that should this Court dismiss the individual Plaintiffs' claims, it do so *without prejudice* so that the individual Plaintiffs can refile after full compliance with 33 U.S.C. § 1365(b)(1)(A). *See e.g., Building and Construction Trades Council of Buffalo, New York*

*and Vicinity v. Downtown Development, Inc,* (hereafter *"Trades Council"*), 448 F.3d 138, 142 and 158 (2d Cir. 2006); *Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York,* 273 F.3d 481, 494 (2d Cir. 2001). Further, consistent with the Second Circuit's recent decision in *Trades Council,* failure to comply with the statutory requirements of the Clean Water Act does not *de facto* deprive this Court of subject matter jurisdiction. *Id.* at 158, fn. 14 ("For the purpose of this appeal, we assume that non-compliance with the pre-suit notice provisions of the ... Clean Water Act does not affect a federal court's jurisdiction subject matter jurisdiction.").

## CONCLUSION

Contrary to RCSD1's contention, under the facts of this case, granting RCSD1's subsequent motion for dismissal *solely* as against the individual Plaintiffs is inappropriate. Consistent with a district court's decision in this circuit addressing this precise issue, since USR provided notice as required by the Clean Water Act and the regulations promulgated thereunder, such notice constitutes substantial compliance in this lawsuit brought by all Plaintiffs.

For all of the foregoing reasons, RCSD1's subsequent motion should be denied in its entirety.

Dated: June 5, 2007
      Goshen, New York

                                          BURKE, MIELE & GOLDEN, LLP

                                          */s/ Michael K. Burke*
                                          Michael K. Burke (7554)
                                          *Attorneys for Plaintiffs*
                                          100 Washington Street
                                          Post Office Box 397
                                          Suffern, New York 10901
                                          (845) 357-7500