James V. Marks (JM 6257)
Roseann Bassler Dal Pra (RBD 4919)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
212-513-3200

Attorneys for Defendant
Rockland County Sewer District #1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOROUGH OF UPPER SADDLE RIVER,<br><br>                     Plaintiff,<br><br>    v.<br><br>VILLAGE OF AIRMONT, ROCKLAND,<br>COUNTY SEWER DISTRICT #1,<br><br>                     Defendants. | 07 Civ. 0109 (____) (MDF) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS ALL CLAIMS ASSERTED BY PLAINTIFFS KAREN MILLER,
<u>ROY OSTROM, MARIA FLORIO, MARK RUFFOLO AND LINDA MCDONALD</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ....................................................................................... 1

ARGUMENT ..................................................................................................................... 1

POINT I        PLAINTIFFS HAVE NOT COMPLIED WITH THE NOTICE
               REQUIREMENTS UNDER THE CLEAN WATER ACT................................. 1

POINT II       BECAUSE THE PLAINTIFFS NO LONGER HAVE A
               VIABLE FEDERAL CLAIM, THEIR STATE LAW
               CLAIMS SHOULD BE DISMISSED, AS WELL. ............................................ 4

CONCLUSION .................................................................................................................. 5

# TABLE OF AUTHORITIES

Hallstrom v. Tillamook County,
  493 U.S. 20 (1989)..................................................................................................2

In re Investors Funding Corp. of N.Y. Secs. Litig.,
  523 F. Supp. 550 (S.D.N.Y. 1980) .........................................................................4

Long Island Soundkeeper Fund, Inc. v. New York Athletic Club of City of New York,
  1996 WL. 131863 (S.D.N.Y. 1996).....................................................................2, 3

Mancuso v. New York State Thruway Authority,
  909 F. Supp. 133 (S.D.N.Y. 1995) .........................................................................3

New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., Inc.,
  72 F.3d 830 (10th Cir. 1996) ..................................................................................2

Student Pub. Interest Research Group of New Jersey, Inc. v. AT&T Bell Labs.,
  617 F. Supp. 1190 (D.N.J. 1985)............................................................................2

Washington Trout v. McCain Foods, Inc.,
  45 F.3d 1351 (9th Cir. 1995) ..............................................................................2, 3

## FEDERAL STATUTES

CWA, 33 U.S.C. § 1365(b)(1)(A) - ...............................................................................1

## STATE STATUTES

40 C.F.R. § 135.3(a)........................................................................................................3

## MISCELLANEOUS

Stephen R. Barnett, *From Anastasoff to Hart to West's Federal Appendix: The Ground Shifts Under No-Citation Rules*, 4 ...............................................................2

## PRELIMINARY STATEMENT

The District[1] respectfully submits this reply memorandum of law in further support of its motion to dismiss the individual Plaintiffs' claims for failure to comply with the 60-day notice requirement of the Clean Water Act and in response to their' opposition to that motion. In sum, Plaintiffs' opposition papers fail to establish that they have complied with procedural requirements listed clearly in the statute and upheld by the Supreme Court. Rather than withdrawing their suit, giving proper notice, then refiling, Plaintiffs insist on attempting to piggyback on USR's notice—violating the letter and the spirit of the law.

Because they have failed to follow clear statutory requirements, Plaintiffs have no valid claim under the CWA. Since they have no federal claim, the Court should not exercise supplemental jurisdiction over their state law claims. Accordingly, all of the citizen-Plaintiffs' claims against the District should be dismissed.

## ARGUMENT

### POINT I

### PLAINTIFFS HAVE NOT COMPLIED WITH THE NOTICE REQUIREMENTS UNDER THE CLEAN WATER ACT

Plaintiffs have failed to meet the clear notice requirements in the citizen suit provision of the CWA, 33 U.S.C. § 1365(b)(1)(A) - specifically, they have not given sixty days notice before filing their suit. By its very nature, the provision focuses on time – sixty (60) days. Not surprisingly, timely compliance is both important and expected. Here, however, Plaintiffs try to distract the Court like a magician who uses smoke and mirrors in an effort to prevent the audience from watching too closely. There is no need for distraction: the Supreme Court has made clear that "compliance with the 60-day notice provision is a mandatory, not optional,

---

[1] The defined terms used herein have the same meaning as those used in the District's moving brief.

condition precedent for suit." Hallstrom v. Tillamook County, 493 U.S. 20, 26 (1989). On this basis, alone, this Court should dismiss all of the individual Plaintiffs' claims against the District.

With a 60-day notice, timeliness is sufficiency. Indeed, in contrast to Plaintiffs' contentions, Hallstrom did test the sufficiency of the notice. See Washington Trout v. McCain Foods, Inc., 45 F.3d 1351, 1354 (9th Cir. 1995) ("The issue in Hallstrom was whether the notice was sufficient under the regulation's mandate"). The Court in Hallstrom found that not providing 60-days' notice was insufficient. Furthermore, the Court held that the notice requirement should be strictly construed and that it must be satisfied before the case may be heard in federal district court. Hallstrom, 493 U.S. at 31.

In spite of the Supreme Court's unequivocal ruling that full compliance with notice requirements is required, the individual Plaintiffs posit that they can "piggyback" notice based on a theory of "substantial" - not full - compliance. In support of their position, they cite the unpublished decision Long Island Soundkeeper Fund, Inc. v. New York Athletic Club of City of New York, 1996 WL 131863 (S.D.N.Y. 1996). This case is problematic in two ways. First, Long Island Soundkeeper has lost whatever authority it once had by relying on a pre-Hallstrom case (Student Pub. Interest Research Group of New Jersey, Inc. v. AT&T Bell Labs., 617 F. Supp. 1190, 1193-94 (D.N.J. 1985). Second, it is well recognized that unpublished opinions carry less weight than published ones.[2] For that reason, this Court should follow the Tenth Circuit's persuasive analysis of the "piggyback" issue in New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., Inc., 72 F.3d 830, 831 (10th Cir. 1996) (because each plaintiff

---

[2] Professor Barnett reports that of the eight circuits that allow citation of unpublished opinions, none treat them as "full-fledged, first-class, binding precedents. All eight circuits discourage citation of these opinions, and four of the eight—the Fifth, Eighth, Tenth, and Eleventh Circuits—declare that they are 'not precedents' and may be cited only for their 'persuasive' value. An 'unpublished' opinion . . . wears a scarlet 'U.'" Stephen R. Barnett, *From Anastasoff to Hart to West's Federal Appendix: The Ground Shifts Under No-Citation Rules*, 4 J. App. Prac. & Process 1, 22 (Spr. 2002). This Court also is not bound by Long Island Soundkeeper decision because there is no "law of the District."

2

must comply with the 60-day notice provision, a plaintiff that did not do so was not a proper party to the action).

In any event, Long Island Soundkeeper is easily distinguishable from the case at bar. There, this Court found that "adequate notice" had been substantially provided to defendant of plaintiff's allegation that the "trap shooting range is a point source and that it is committing continuing violations of the CWA's effluent limitations." Long Island Soundkeeper, 1996 WL 131863 at *4. That is, the notice provided sufficient information to permit the recipient to identify the "standard, limitation or order allegedly violated." Id. Unfortunately for Plaintiffs, that is not the information at issue here; it is the individual Plaintiffs' failure to provide their names and contact information.

If this Court is going to decide whether substantial compliance was made based on the concept of "adequate notice," it should rely on its own published opinion in Mancuso v. New York State Thruway Authority, 909 F. Supp. 133, 136 (S.D.N.Y. 1995). There, this Court reaffirmed that plaintiffs must comport with Federal regulations for "adequate" notice. One key element of that requirement is the "full name, address, and telephone number of the person giving notice." 40 C.F.R. § 135.3(a). Plaintiffs concede that they did not meet this mandatory standard, giving this Court ample reason to dismiss their suit pending correct notice and refiling.

Providing names and contact information is not a trite technicality; it goes to the essence of the 60-day notice provision in two ways. First, it allows the parties "time to resolve their conflicts in a nonadversarial time period. Once the suit is filed, positions harden and compromise is less likely." Washington Trout, 45 F.3d at 1354. Second, the notice "alerts the appropriate state or federal agency, so administrative action may initially provide the relief the parties seek before a court must become involved." Id. With so many new locations and types

3

of damages alleged by the recently-added individual Plaintiffs, USR's original notice could not have possibly alerted the District and other concerned agencies about the potential violations. These policy arguments lend additional support to this Court's granting of the pending Motion to Dismiss.

Finally, dismissal of the individual Plaintiffs' claims will be without prejudice. The individual Plaintiffs are free to refile once they have given proper notice as required under the CWA and have waited the requisite 60 days as set forth in Section 505 of the CWA.

## POINT II

### BECAUSE THE PLAINTIFFS NO LONGER HAVE A VIABLE FEDERAL CLAIM, THEIR STATE LAW CLAIMS SHOULD BE DISMISSED, AS WELL.

The District has previously argued that a plaintiff's state law claims should be dismissed if it has no viable federal claim. Def. Memo. in Support of Motion to Dismiss USR at 12-13. Indeed, this Court was clear that "if the federal claims are dismissed before trial . . . the state law claims should be dismissed as well." In re Investors Funding Corp. of N.Y. Secs. Litig., 523 F. Supp. 550, 560 (S.D.N.Y. 1980). Similarly, the citizen-Plaintiffs' state law claims should be dismissed because their failure to provide proper notice deprives this Court of jurisdiction over their federal claims under the CWA.

## CONCLUSION

For the foregoing reasons, defendant Rockland County Sewer District #1 respectfully requests that the Court dismiss all claims asserted against it by the citizen-plaintiffs Karen Miller, Roy Ostrom, Maria Florio, Mark Ruffolo, and Linda McDonald.

Respectfully submitted,

HOLLAND & KNIGHT, LLP

By /s/ James V. Marks
James V. Marks (JM 6257)
Roseann Bassler Dal Pra (RBD 4919)
195 Broadway
New York, New York 10007
Tel.:   (212) 513-3200
Fax:   (212) 385-9010

Lawrence R. Liebesman (Admitted Pro Hac Vice)
Steve Kelton (Admitted Pro Hac Vice)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave. NW
Washington, DC 20006
Tel.:   (202) 955-3000
Fax:   (202) 955-5564

Counsel for Defendant
Rockland County Sewer District #1